# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RUBEN M., Jr.,[1] | ) |
| | ) |
|       **Plaintiff,** | ) |
| | )    **CIVIL ACTION** |
| v. | ) |
| | )    No. 20-2530-JWL |
| KILOLO KIJAKAZI,[2] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
|       **Defendant.** | ) |
| _____ | ) |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Disability Insurance Benefits (DIB) pursuant to sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act).  Finding error in the Administrative Law Judge's (ALJ) evaluation of Plaintiff's standing and walking limitations, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REVERSING the ALJ's decision and REMANDING for further proceedings consistent with this decision.

---

[1] The court makes all its "Memorandum and Order[s]" available online.  Therefore, in the interest of protecting the privacy interests of Social Security disability claimants, it has determined to caption such opinions using only the initial of the Plaintiff's last name.

[2] On July 9, 2021, Kilolo Kijakazi was sworn in as Acting Commissioner of Social Security.  In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Kijakazi is substituted for Commissioner Andrew M. Saul as the defendant.  In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

**I.	Background**

Plaintiff protectively filed an application for DIB on September 22, 2017.  (R. 10, 232-36).  After exhausting administrative remedies before the Social Security Administration (SSA), Plaintiff filed this case seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Plaintiff claims the ALJ erred in assessing Plaintiff's residual functional capacity (RFC) and assessed the ability for light exertional work without first evaluating his work-related abilities on a function-by-function basis as required by Social Security Ruling (SSR) 96-8p.

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  "Substantial evidence" refers to the weight, not the amount, of the evidence.  It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).  Consequently, to overturn an agency's finding of fact the court "must find that the evidence not only supports [a contrary] conclusion, but compels it."  I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481, n.1 (1992) (emphases in original).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner

assesses claimant's RFC.  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, he is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC previously assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).  The court finds remand is necessary because the ALJ assessed a light exertion level without first articulating his function-by-function consideration of Plaintiff's walking/standing and sitting abilities.  It also finds that remand for an immediate award of benefits is not appropriate in this case, and therefore it will not address all of Plaintiff's allegations of error in this opinion.  He may make his remaining arguments to the Commissioner on remand.

**II.   Discussion**

Plaintiff argues the ALJ's RFC assessment is legally flawed because he "failed to assess the RFC on a function-by-function basis and erroneously assessed the exertional level first."  (Pl. Br. 44) (citing Soc. Sec. Ruling (SSR) 96-8p).  He notes that the ALJ

found him capable of "light work as defined in 20 CFR 404.1567(b)" with certain postural and mental limitations. (Pl. Br. 44). He points out that the regulation cited defines light work as work which "requires a good deal of walking or standing, or … involves sitting most of the time with some pushing and pulling of arm or leg controls," 20 C.F.R. § 404.1567(b), and argues, "It is impossible to determine from this definition how the ALJ assessed Plaintiff's actual ability to walk, sit, stand, push, and pull." Id. He argues this is a violation SSR 96-8p's requirement of a function-by-function consideration of each work-related ability before expressing the RFC in terms of the exertional categories. Id. (citing Alexander v. Barnhart, 74 F. App'x 23, 28 (10th Cir. 2003); Hodgson v. Colvin, 2014 WL 5511077, at *3 (D. Kan. Oct. 31, 2014); Guardado v. Colvin, No. 1:12-CV-199 CW-PMW, 2014 WL 61140, at *4 (D. Utah Jan. 8, 2014); Mitchell v. Comm'r of Soc. Sec., No. 6:09-CV-1788-ORL-GJK, 2011 WL 161046, at *12 (M.D. Fla. Jan. 18, 2011)).

The Commissioner argues that light work also has a specific definition. (Comm'r Br. 14) (citing SSR 83-10, 1983 WL 31251 at *6) ("the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."). She argues, "light work involves 'lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds,' … using common sense, Plaintiff can ascertain the specific limitations the ALJ found," id. (quoting 1983 WL 31251 at *5), and that any doubt is resolved because the ALJ provided a hypothetical to the vocational expert (VE) regarding "an individual who could 'occasionally lift 20

5

pounds, frequently 10; walk or stand six of eight hours; [and] sit for six hours.'" (Comm'r Br. 14) (quoting R. 57).

### A. Legal Standard

SSR 96-8p explains that assessment of RFC involves a function-by-function consideration of each work-related ability <u>before</u> expressing the RFC in terms of the exertional categories of "sedentary," "light," and so forth. SSR 96-8p, 1996 WL 374184 at *3 (SSA July 2, 1996). Failure to perform a function-by-function assessment may result in an improper finding at step four regarding plaintiff's ability to perform his past relevant work as he actually performed it. <u>Id.</u> Moreover, because certain occupations do not require the capacity to meet all the strength demands of the full range of work in a particular exertional category, a failure to do a function-by-function assessment may result in improper findings at step four regarding plaintiff's ability to perform his past relevant work as it is generally performed in the national economy or at step five regarding plaintiff's ability to perform other work in the national economy. <u>Id.</u> (also see examples 1-3, <u>Id.</u> at *3-4).

### B. Analysis

The court agrees with Plaintiff that in the circumstances of this case it cannot determine the specific standing, walking, and sitting limitations the ALJ assessed for Plaintiff before he determined Plaintiff has the ability to perform a range of light work. As Plaintiff argues, the regulation cited by the ALJ notes that light work requires <u>a good deal</u> of walking or standing, or involves <u>sitting most of the time</u>. 20 C.F.R. § 404.1567(b). The Commissioner is also correct that SSR 83-10 contains a definition of

light work which includes standing or walking for approximately 6 hours of an 8-hour workday.  1983 WL 31251 *6.  But, the Commissioner's argument ignores the next sentence of SSR 83-10 which she failed to quote:  "Sitting may occur intermittently <u>during the remaining time</u>."  Id. (emphasis added).  Based on the Commissioner's argument, Plaintiff is permitted to sit only approximately two hours of an 8-hour workday although the regulation cited by the ALJ in his decision acknowledges light work may involve "sitting most of the time but with some pushing and pulling of arm-hand or leg-foot controls."  20 C.F.R. § 404.1567(b).  Moreover, the Commissioner points to the ALJ's hypothetical in which he referred to an individual who could walk or stand six hours and sit six hours in an 8-hour workday.

The Commissioner's argument, however, does not demonstrate that the ALJ considered Plaintiff's standing, walking, and sitting abilities before he determined Plaintiff was capable of a range of light work.  Rather the confusion represented by the consideration above (of the regulation, the Social Security Ruling, and the hypothetical presented to the VE) highlights the suggestion that the ALJ did not consider and determine Plaintiff's abilities to sit, stand, or walk before he decided on a limitation to light work.  The hypothetical presented to the VE suggests merely that the ALJ perhaps intended to find the ability for light work and consequently asked the broadest hypothetical regarding such an ability.  It is not conclusive evidence that he considered Plaintiff's functional abilities in sitting, standing, and walking before he found the exertional ability for light work.  Moreover, he did not specifically include those sitting or standing and walking abilities in the RFC he assessed.

The court believes deference is due an ALJ's decision where the decision can be understood, but such is not the case here. There is no place in the decision where the ALJ found Plaintiff has the ability to sit six hours or to stand and walk six hours in an 8-hour workday. The ALJ recognized that Plaintiff's written submissions "alleged that he could lift up to 90 pounds, walk up to 1 mile, stand about 30 minutes, and sit about 30-45 minutes" but he testified "that he would have a marginal capacity to lift/carry or sit/stand/walk." (R. 19). And the ALJ noted Plaintiff's "allegations about debilitating sit/stand/walk limitations are not entirely consistent with the prevalence of silent/benign clinical examination signs in areas like sitting, standing, [and] independently ambulating." Id. at 21. Moreover, the ALJ found that both the state agency medical consultants' opinions there was insufficient evidence to demonstrate a severe physical impairment, id. at 23, and Dr. Burkett's opinion Plaintiff was unable to work, were unpersuasive. Id. at 24. But he never made a finding of Plaintiff's actual sitting or standing and walking abilities.

Thus, the court is simply unable to find support in the decision for a determination the ALJ considered Plaintiff's sitting or standing and walking abilities before he determined Plaintiff can perform a range of light work. As Plaintiff argues, this is legal error requiring remand for a proper consideration.

### C.   Remand for an Immediate Award of Benefits

In the final paragraph of his Brief, Plaintiff asks the court "to keep in mind that the purpose of the Social Security Act is to ameliorate some of the rigors of life for those who are disabled." (Bl. Br. 45). He then asks the court to "reverse the final decision of

the Commissioner with directions to the Commissioner to grant his claims for disability insurance benefits as he sustained his burden through step four of the sequential evaluation process." (Pl. Br. 45).

This court will not reverse a decision of the Commissioner and remand for an immediate award of benefits absent argument and justification for such action, including citation to legal authority and the standards for exercising that authority, which is lacking here. Moreover, because the court does not find substantial and uncontradicted evidence on the record as a whole indicating that the claimant is disabled and entitled to benefits, Plaintiff's request is denied. Gilliland v. Heckler, 786 F.2d 178, 184, 185 (3rd Cir. 1986).

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REVERSING the ALJ's decision and REMANDING this case for further proceedings consistent with this decision.

Dated February 15, 2022, at Kansas City, Kansas.

s:/ *John W. Lungstrum*
**John W. Lungstrum**
**United States District Judge**